IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

TARIK PRICE,                          HONORABLE JEROME B. SIMANDLE

                 Petitioner,

          v.                          Civil Action
                                      No. 15-5457 (JBS)
MARK KIRBY,

                 Respondent.                 **OPINION**


APPEARANCES:

Tarik Price, Petitioner pro se
# 50831-066
FCI 420
Unit: B-R
P.O. Box 420
Fairton, NJ 08320

Craig Carpenito, United States Attorney
Elizabeth A. Pascal, AUSA
Camden Federal Building & U.S. Courthouse
401 Market Street
P.O. Box 2098
Camden, NJ 08101
     Attorneys for Respondent Mark Kirby

Robert A. Zauzmer, AUSA, Chief of Appeals
Anthony Wzorek, AUSA
United States Attorney's Office for the Eastern District of
Pennsylvania
615 Chestnut Street, Suite 1250
Philadelphia, PA 19106
Of Counsel



**SIMANDLE, U.S. District Judge:**

## I.    INTRODUCTION

Petitioner Tarik Price, a federal prisoner confined at FCI Fairton, New Jersey, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. [Docket Entry 4]. Petitioner asserts he is actually innocent of his conviction under 18 U.S.C. § 924(c) for aiding and abetting the use of a firearm during a crime of violence in light of the Supreme Court's decision in *Rosemond v. United States*, 572 U.S. 65 (2014). As relief, Petitioner requests that his § 924(c) conviction be vacated.

For the reasons expressed below, this Court will deny the petition.

## II.    BACKGROUND

In February 1992, Petitioner and co-conspirators robbed a Brinks armored car in front of a SEPTA office near 10th and Filbert Streets in Philadelphia, Pennsylvania. [Docket Entry 4-1 at 3]. For his role, Petitioner was convicted of conspiracy to interfere with interstate commerce by robbery, 18 U.S.C. § 1951; interfering with, aiding and abetting the interference with interstate commerce by robbery, 18 U.S.C. § 1951; and the use and carrying, and aiding and abetting the use and carrying, of a firearm during a crime of violence, 18 U.S.C. §§ 924(c)(1) and (2) after a jury trial in the United States District Court for the Eastern District of Pennsylvania. [Docket Entry 4 at 1;

*United States* v. *Tarik Price*, 98-cr-00182 (E.D. Pa. Jan. 5,

1999)]. He was sentenced to a 77-month term on the § 1951

charges with a consecutive 240-month term on the § 924(c)

charge. [Docket Entry 6 at 7]. The Third Circuit denied his

appeal, and the Supreme Court denied a writ of certiorari. [*Id.*

at 10].

Petitioner filed a motion to correct, vacate, or set aside

his sentence under 28 U.S.C. § 2255 in the Eastern District of

Pennsylvania on September 7, 2001. *Price v. United States of*

*America*, No. 01-4606 (E.D. Pa. withdrawn Apr. 3, 2002). He filed

another § 2255 motion on July 5, 2002 challenging the validity

of his § 924(c) conviction. [Docket Entry 6 at 10]. The trial

court denied the motion, and the Third Circuit denied a

certificate of appealability on September 12, 2003. [*Id.*] *See*

*also Price v. United States*, No. 03-1291 (3d Cir. Sept. 12,

2003].

Petitioner filed this habeas corpus petition on July 6,

2015.[1] [Docket Entry 1]. The Court administratively terminated it

as Petitioner had not paid the filing fee or submitted an *in*

*forma pauperis* application. [Docket Entry 2]. The Court reopened

---

[1] To the extent this petition is filed under § 2241, as discussed
*infra*, it is properly filed in this District as Petitioner is
confined in FCI Fairton, New Jersey. *See Rumsfeld v. Padilla*,
542 U.S. 426, 434-35 (2004)(noting that § 2241 petitions must be
filed in the district of confinement).

the case after Petitioner paid the filing fee. [Docket Entry 3].

Petitioner submitted an amended petition on November 10, 2015.

[Docket Entry 4]. The Court ordered Respondent to answer.

[Docket Entry 5]. Warden Kirby submitted his answer and two

supplemental exhibits. [Docket Entries 6, 7, 8]. Petitioner

submitted his traverse. [Docket Entry 9].

The matter is ripe for disposition without oral argument.

Fed. R. Civ. P. 78(b).

## III. STANDARD OF REVIEW

Petitioner brings this petition as a pro se litigant. The

Court has an obligation to liberally construe pro se pleadings

and to hold them to less stringent standards than more formal

pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89,

94 (2007); *Higgs v. Attorney Gen. of the U.S.*, 655 F.3d 333, 339

(3d Cir. 2011), *as amended* (Sept. 19, 2011) (citing *Estelle v.*

*Gamble*, 429 U.S. 97, 106 (1976)). A pro se habeas petition and

any supporting submissions must be construed liberally and with

a measure of tolerance. *See Royce v. Hahn*, 151 F.3d 116, 118 (3d

Cir. 1998); *Lewis v. Attorney Gen.*, 878 F.2d 714, 721–22 (3d

Cir. 1989); *United States v. Brierley*, 414 F.2d 552, 555 (3d

Cir. 1969), *cert. denied*, 399 U.S. 912 (1970).

Section 2241 "confers habeas jurisdiction to hear the

petition of a federal prisoner who is challenging not the

validity but the execution of his sentence." *Coady v. Vaughn*,

4

251 F.3d 480, 485 (3d Cir. 2001). A challenge to the validity of

a federal conviction or sentence must be brought under 28 U.S.C.

§ 2255. *See Jackman v. Shartle*, 535 F. App'x 87, 88 (3d Cir.

2013) (per curiam) (citing *Okereke v. United States*, 307 F.3d

117, 120 (3d Cir. 2002)). "[Section] 2255 expressly prohibits a

district court from considering a challenge to a prisoner's

federal sentence under § 2241 unless the remedy under § 2255 is

'inadequate or ineffective to test the legality of his

detention.'" *Snyder v. Dix*, 588 F. App'x 205, 206 (3d Cir. 2015)

(quoting 28 U.S.C. § 2255(e)); *see also In re Dorsainvil*, 119

F.3d 245, 249 (3d Cir. 1997). "This exception is narrow and

applies in only rare circumstances." *Lewis v. Warden Lewisburg*

*USP*, 741 F. App'x 54, 55 (3d Cir. 2018) (citing *Bruce v. Warden*

*Lewisburg USP*, 868 F.3d 170, 180 (3d Cir. 2017)).

## IV.  ANALYSIS

Petitioner invokes the savings clause to challenge his §

924(c) conviction, arguing he is actually innocent of the

offense after the Supreme Court's *Rosemond* decision. In

*Rosemond*, the Supreme Court held that a defendant must have

"advance knowledge" of a firearm's involvement in a crime before

he may be convicted of aiding and abetting a § 924(c) violation.[2]

---

[2] The Court defined "advance knowledge" for purposes of § 924(c)
as "knowledge at a time the accomplice can do something with it—
most notably, opt to walk away."  *Rosemond*, 572 U.S. at 78. It
went on to note that "[o]f course, if a defendant continues to

"When an accomplice knows beforehand of a confederate's design

to carry a gun, he can attempt to alter that plan or, if

unsuccessful, withdraw from the enterprise; it is deciding

instead to go ahead with his role in the venture that shows his

intent to aid an armed offense." 572 U.S. 65, 78 (2014).

Petitioner argues that the United States failed to prove at

trial that he had advance knowledge that his co-conspirator,

known only as Ty, would use a firearm during the robbery.

Petitioner argues § 2255 is ineffective and inadequate to

bring his *Rosemond* claim because he has already filed a § 2255

motion and does not meet the standard for a second or successive

motion under § 2255(h). [Docket Entry 4-1 at 7-8]. However,

"[s]ection 2255 is not inadequate or ineffective merely because

the sentencing court does not grant relief, the one-year statute

of limitations has expired, or the petitioner is unable to meet

the stringent gatekeeping requirements of the amended § 2255."

*Cradle v. United States ex rel. Miner*, 290 F.3d 536, 539 (3d

Cir. 2002) (per curiam) (citing *Dorsainvil*, 119 F.3d at 251).

"It is the inefficacy of the remedy, not the personal inability

to use it, that is determinative." *Id.* at 538 (citation

---

participate in a crime after a gun was displayed or used by a
confederate, the jury can permissibly infer from his failure to
object or withdraw that he had such knowledge." *Id.* at 78 n.9.

omitted). To date, the Third Circuit has only applied the

savings clause in the rare circumstances "where an intervening

change in the law decriminalized the conduct for which the

petitioner had been convicted." *Lewis*, 741 F. App'x at 55

(citing *Dorsainvil*, 119 F.3d at 251-52). Petitioner asserts

*Rosemond* is such a change in the law.

The Third Circuit has not addressed whether *Rosemond* claims

may be filed as § 2241 petitions. *See Tawalebah v. Warden Fort

DIX FCI*, 614 F. App'x 46, 48 (3d Cir. 2015) (per curiam) ("We

have not yet addressed whether a claim based on *Rosemond* may be

brought via a § 2241 petition pursuant to the exception we

recognized in *Dorsainvil*, and we need not do so here because the

record does not support Tawalebah's claim of innocence."). *See

also McCrea v. Ortiz*, No. 17-4501, 2018 WL 1634395, at *3

(D.N.J. Apr. 5, 2018) (citing cases). It is therefore unclear

whether this Court has jurisdiction over the petition under §

2241. However even if the Court did have jurisdiction,

Petitioner's claim would fail because there is enough evidence

to convict Petitioner under an alternative theory of vicarious

liability.

As previously noted, *Rosemond*'s standard requires a

defendant to have advance knowledge that an accomplice will be

carrying a firearm before he may be convicted of aiding and

abetting a § 924(c) violation. On the other hand, the theory of

7

liability set forth in *Pinkerton v. United States* allows

defendants to be convicted for the acts of their co-conspirators

that were "done in furtherance of the conspiracy" and that could

have been "reasonably foreseen as a necessary or natural

consequence" of the conspiracy. 328 U.S. 640, 647–48 (1946). The

Third Circuit has held that "[b]oth *Pinkerton* and aiding and

abetting theories support convictions under § 924(c)." *United*

*States v. Whitted*, 734 F. App'x 90, 93 (3d Cir. 2018).

> At Petitioner's trial, the court instructed the jury:

> A conspiracy is often referred to as a partnership in
> crime. Thus, as in other types of partnerships, when
> people enter into a conspiracy to accomplish an unlawful
> end, each and every member becomes an agent for the other
> conspirators in carrying out the conspiracy.

> Accordingly, the reasonably foreseeable acts,
> declarations and statements, and omissions of any member
> of the conspiracy, in furtherance of the common purpose
> of the conspiracy, are deemed, under the law, to be the
> acts of all the members, and all of the members are
> responsible for such acts, declarations, statements and
> omissions.

> If you find, beyond a reasonable doubt, that a defendant
> whose guilt you are considering was a member of the
> conspiracy charged in the Indictment, then any acts done
> or statements made in furtherance of the conspiracy by
> persons also found by you to have been members of the
> conspiracy may be considered against that defendant.
> This is so even if such acts were done and statement
> were made in the defendant[']s absence and without his
> knowledge.

[Docket Entry 7-2 at 21:25 to 22:21]. The excerpts from

Petitioner's trial provided to the Court indicate there was

sufficient evidence to convict him under a *Pinkerton* theory

of liability.[3] The day before the robbery, the conspirators met at Jacques Davis' house and "discussed that we was going to get together that next morning to go to a couple locations to see if we could set up a, you know, a robbery, you know." [Docket Entry 7-1 at 12:1-4]. The next morning, one of the co-conspirators told the group that an armored car would be arriving at 10th and Filbert Streets "so [they] rushed to get down." [*Id.* at 12:12-15]. Davis drove a van containing Petitioner, Hassan East, and Ty to the location to scope it out. [*Id.* at 14:20-23; 16:15-18]. When they arrived at the location, Petitioner and Ty exited the van and waited for the armored car guard to exit the SEPTA station. [*Id.* at 17:17-20]. Davis testified that when the guard exited the station, Ty "put the gun to the guard, removed his bag, which he gave it to Tarik Price, commanded the guard to go back into the station, and they ran down the street." [*Id.* at 17:21-25]. East gave a similar version in his trial testimony. [Docket Entry 8-1]. He testified that the group had agreed to "get some money" from an armored car, [*id.* at 8:21; 9:14-15], and that Petitioner

---

[3] In reviewing for the sufficiency of the evidence, "the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original).

and Ty had "put the gun to the guy, the guard" before

getting the bag of money and running off, [*id.* at 10:19 to

11:14]. Petitioner now argues he fled the area when Ty

pulled the firearm. [Docket Entry 9 at 5]. The testimony of

Davis and East, viewed in the light most favorable to the

government, indicates that Petitioner and Ty fled together

after robbing the guard. This tends to show that the

presence of a firearm was not a surprise to Petitioner and

that he was in agreement with Ty's actions.

Construing the evidence in the light most favorable to

the prosecution, there was enough evidence that Petitioner

agreed to participate in a robbery of an armored car and

that it was reasonably foreseeable that a firearm would

have been used in such a robbery. Therefore, even if the

evidence against Petitioner was insufficient to show

advance knowledge of the firearm under *Rosemond*, an issue

on which this Court expresses no opinion, it was sufficient

to convict Petitioner under the *Pinkerton* theory of

liability. *See United States v. Casiano*, 113 F.3d 420, 427

(3d Cir. 1997) ("For purposes of the matter of issue here,

it makes no difference whether the government charged that

[defendant] aided and abetted [co-conspirators] or charged

that he conspired with them because the same principle of

attribution applies to a § 924(c)(1) conviction against a

co-conspirator if the co-conspirator's use of the firearm

was reasonably foreseeable."). *See also United States v.*

*Hare*, 820 F.3d 93, 105 (4th Cir. 2016) (ruling that even if

district court had erroneously instructed jury on aiding-

and-abetting theory under *Rosemond*, the error did not

affect defendants' substantial rights because the verdicts

could be "sustained under the *Pinkerton* theory of

liability").

**V.    CONCLUSION**

        For the reasons stated above, the petition is denied. An

accompanying Order will be entered.



**March 14, 2019**                         **s/ Jerome B. Simandle**
Date                                       JEROME B. SIMANDLE
                                           U.S. District Judge